IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLEE FATH,                    §
                                   §
            Plaintiff              §
                                   §
V.                                 §        No. 3:12-cv-1755-O-BN
                                   §
BAC HOME LOANS and                 §
RECONTRUST COMPANY, NA             §
CORPORATION,                       §
                                   §
            Defendants.            §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., incorrectly named as BAC Home Loans ("Bank of America"), and ReconTrust Company, incorrectly named as ReconTrust Company, NA Corporation ("Recontrust") (collectively, "Defendants"), filed a Motion for Summary Judgement ("Motion") [Dkt. No. 15], seeking judgment in their favor on all claims. Plaintiff Kimberlee Fath filed no response. The time for responding having passed, *see* Dkt. No. 16, the undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

Plaintiff purchased her home in Irving, Texas on October 28, 2003. Dkt. Nos. 1-1 at 7 & 15-3 at 1. To finance the purchase, Plaintiff executed an adjustable rate note (the "Note") to Willow Bend Mortgage Company ("Willow Bend"). *See* Dkt. Nos. 1-1 at

1

7 & 15-3 at 4. The Note was secured by a Deed of Trust lien payable to the Lender, which was identified as Willow Bend. *See* Dkt. No. 15-3 at 1 & 9-10. The Note was endorsed by Willow Bend to Treasury Bank, N.A. *See* Dkt. No. 15-3 at 1. Treasury Bank was acquired by Countrywide Bank, N.A., which was subsequently acquired by Bank of America. *See id.*

The Deed of Trust was assigned to Countrywide Document Custody Services, a division of Treasury Bank, and filed in the Official Public Records of Dallas County, Texas, to be effective on October 28, 2003. *See* Dkt. No. 15-3 at 31. The Deed of Trust was subsequently assigned to Bank of America on September 30, 2011, and was filed in the Official Public Records of Dallas County, Texas. *See* Dkt. No. 15-3 at 34.

On August 18, 2008, Countrywide Bank sent Plaintiff a letter informing her that her loan was in "serious default," with $7,001.51 due on or before September 17, 2008. *See* Dkt. No. 15-3 at 36. The default notice informed Plaintiff of several means by which she could correct the default and provided her with a customer service number to contact. *See id.* at 36-37. According to declaration testimony from Susan Magaddino, Bank of America "AVP," Plaintiff made her last mortgage payment on or about September 30, 2008. *See* Dkt. No. 15-3 at 2. The payment made by Plaintiff on September 30, 2008 paid her mortgage through July 2008. *See id.* It does not appear that any payments were made by Plaintiff after the September 30, 2008 payment. Other than Magaddino's declaration testimony, *see id.*, there is also no evidence of the September 30, 2008 payment.

Defendants submitted testimony and evidence from Melanie Cowan ("Cowan"),

a Vice-President of Recontrust. *See* Dkt. No. 15-4. Cowan was responsible for performing the non-judicial foreclosure process on Plaintiff's real property. *See* Dkt. No. 15-4 at 1. According to Cowan, on November 15, 2011, Recontrust sent Plaintiff a letter, notifying her that she was in default under the Deed of Trust and that Bank of America intended to accelerate the debt and initiate foreclosure proceedings, as provided by the Deed of Trust. *See* Dkt. No. 15-4 at 5. On April 3, 2012, Recontrust notified Plaintiff of the Substitute Trustee's Sale, scheduled to occur on May 1, 2012 at 1:00 pm. *See* Dkt. No. 15-4 at 9. On April 9, 2012, Recontrust filed the Notice of Substitute Trustee's Sale with the Dallas County Clerk, *see id.* at 11, and posted it in the area designated by the Dallas County Commissioners, *see id.* at 2.

Plaintiff, having not filed a response, has offered no competent summary judgment evidence to dispute the above facts. In her state court petition, however, Plaintiff did state the following.[1] Plaintiff purchased the Property and executed a Note and Deed of Trust on October 23, 2003. *See* Dkt. No. 1-1 at 7. Plaintiff claims to have timely paid the mortgage and also claims that "[i]n 2011, Plaintiff received a phone call that mortgage was satisfied." *See id.* Plaintiff alleges that on October 11, 2011, Recontrust contacted Plaintiff by phone, informing Plaintiff that the debt was being accelerated. *See id.* Plaintiff claims to have tried to contact Defendants but never received a response. *See id.* On October 14, 2011, Plaintiff claims that she sent a letter

---

[1]As discussed more fully *infra*, none of Plaintiff's allegations are supported by affidavit or other competent summary judgment evidence. Her version of events were taken from her petition and are presented not because the undersigned accepts them as competent evidence but to present her side of the story.

in response to Defendants' notice of acceleration, but she claims to have received no response. *See id.* at 7, 19-21. The letter references the debt and the acceleration and makes several claims and demands on Defendants, none of which are completely coherent. She seemed to allege that her mortgage was current and paid in full and seemed to also demand a copy of all loan documents. *See id.* at 19-21. Despite alleging that Defendants never responded to, or otherwise contacted her, Plaintiff claims she "called daily to check on the status of the alleged mortgage" and that, "per Defendants, it was being reviewed." *See id.* at 8-9.

Plaintiff filed this action in state court on April 27, 2012. Dkt. No. 1-1. Defendants timely removed on June 6, 2012. *See* Dkt. No. 1. Plaintiff brought claims for (1) breach of contract; (2) anticipatory breach of contract; (3) violation of Texas Property Code Section 51.002; (4) breach of the duty of good faith and fair dealing; breach of common law tort of unreasonable collection efforts; (5) violations of the Texas Debt Collection Act ("TDCA") and Texas Finance Code; (6) violations of the Federal Debt Collection Practices Act ("FDCPA"); and (7) negligent misrepresentation and gross negligence. *See* Dkt. No. 1-1 at 9-14. Plaintiff also appears to seek injunctive and declaratory relief as well as an accounting. *See id.* at 15-18. Defendants seek summary judgment on all of Plaintiff's claims.

## Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its

4

resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d

at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

Although Plaintiff has not responded to Defendants' Motion for Summary Judgment, Plaintiff's failure to respond does not permit the Court to enter a "default" summary judgment. *See Johnson v. Herzog Transit Servs., Inc.*, No. 3:11-cv-803-D, 2013 WL 164222, at *1 (N.D. Tex. Jan. 15, 2013); *see also Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 553 (N.D. Tex. 2009) ("Summary judgment may not

be awarded by default merely because the nonmoving party has failed to respond. A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." (footnotes omitted)). But the Court is permitted to accept Defendants' evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Moreover, Plaintiff's failure to respond means that she has not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Here, the pleadings are not verified, and, therefore, Plaintiff has presented no summary judgment evidence, and, for that reason, too, the Court is allowed to accept Defendants' facts as undisputed. *See Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012). The fact that Plaintiff is litigating this case *pro se* does not alter this rule, because

> [t]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005; *accord Johnson*, 2013 WL 164222, at *1-*2.

7

## Discussion

Plaintiff brings causes of action based on several legal theories. Defendants seek summary judgment on all of Plaintiff's causes of action. The undersigned will evaluate each claim below.

### Breach of Contract

In a claim for breach of contract, Plaintiff alleges that Defendants failed to notify Plaintiff of their intent to accelerate the debt or to provide Plaintiff with the opportunity to cure the default, both in violation of the Deed of Trust. Though not entirely clear from Plaintiff's state court petition, it also appears Plaintiff contends that Defendants waived their right to accelerate under the terms of the Deed of Trust. *See* Dkt. No. 1-1 at 9-11.

The elements of a cause of action for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as result of the breach. *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 628 (N.D. Tex. 2010) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. – Houston [14th Dist.] 2005, no pet.)). Neither party disputes that a valid contract exists. As to the breach allegation, Plaintiff claims that she had performed her duties, and Defendants, conversely, claim that Plaintiff had not performed as required under the contract. Plaintiff alleges she performed under the contract because she "had paid [her] mortgage with no problem." Dkt. No. 1-1 at 7. Plaintiff later claims, however, that Defendants never gave her a chance to remedy the dispute, *see id.* at 9, and in a letter to Defendants, she stated she

would "accept [their] offer for pay off," *see id.* at 19 & 22.

Defendants presented testimony by way of a sworn declaration that Plaintiff was behind on her mortgage payments and was notified of her default. *See* Dkt. No. 15-3 at 1-2. Defendants also presented letters sent to Plaintiff notifying her of her failure to perform under the contract. *See* Dkt. No. 15-3 at 36-37; Dkt. No. 15-4 at 5-11.

The undersigned recognizes that even though Plaintiff failed to put forth any evidence on her behalf, Defendants are not automatically entitled to summary judgment. *See Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) ("It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case."). However, once the movant articulates, with references to the record and law, "why it believes there is no genuine issue of material fact," the non-movant must present evidence sufficient to demonstrate an issue for trial. *Narvaez*, 757 F. Supp. 2d at 629. Defendants here have met their burden of articulating evidence and law to support their argument for summary judgment, but Plaintiff has not met her burden in return.

Plaintiff has presented no evidence that she performed under the contract. She alleges in her petition that she paid her mortgage, but that unsworn allegation is not competent summary judgment evidence, and Plaintiff presented no evidence of payment – even though any such evidence should be available to her. Therefore, the undersigned can see no justification for her failure to present evidence. *See* FED. R. CIV. P. 56(f). Defendants' evidence makes clear that Plaintiff failed to perform under the contract. She was in default on her mortgage payments, was notified of her default,

and still did not pay. Therefore, Plaintiff failed to show a genuine issue of material fact regarding the satisfaction of the second element required for a breach of contract claim – that Plaintiff tendered performance. *See Obuekwe v. Bank of America, N.A.,* No. 4:11-cv-762-Y, 2012 WL 1388017, at *5 (N.D. Tex. Apr. 19, 2012).

In the alternative, Plaintiff failed to show a genuine of material fact regarding the satisfaction of the third element – that Defendants breached the agreement between the parties. The Deed of Trust contains a provision specifically stating that, once proper notice is given "prior to acceleration following Borrower's breach of any covenant," Defendants may require immediate payment in full "without further demand." Dkt. No. 15-3 at 20. Defendants provided default and acceleration notices on August 18, 2008, *see* Dkt. No. 15-3 at 36-37, and November 15, 2011, *see* Dkt. No. 15-4 at 5-6, and then required immediate payment. Therefore, Defendants abided by the terms of the contracts. Reviewing Defendants' evidence, then, the undisputed summary judgment record shows that Plaintiff failed to perform under the contract and that Defendants did not breach the contract.

Plaintiff raised one additional issue – that of waiver – to support her breach of contract claim. It is unclear what exactly the basis of Plaintiff's waiver claim is, but it appears that Plaintiff argues that Defendants waived their right to accelerate and foreclose based on Defendants' alleged "inconsistent or inequitable conduct." *See* Dkt. No. 1-1 at 10. Plaintiff claims in her petition that she received a phone call that her mortgage was satisfied in 2011 and that Defendants told her they were reviewing her mortgage but that Recontrust then later notified her of the acceleration. *See* Dkt. No.

10

1-1 at 3-7. This is the only "inconsistent" conduct that the undersigned can glean from Plaintiff's petition.

This, however, does not salvage Plaintiff's claim from summary judgment. As an initial matter, any oral statements that Plaintiff claims modified, terminated, or otherwise altered the Deed of Trust, the Note, or any other agreement between the parties are barred by the statute of frauds. Under Texas law, any unilateral or bilateral contact modifying the underlying Note and Deed of Trust is subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.02(a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds). Therefore, in order for Plaintiff to assert a breach of contract claim, any modifications of the underlying loan agreement must have been in writing. *See Gordon v. JPMorgan Chase Bank, N.A.*, No. 12-20323, 2013 WL 49587, at *3 (5th Cir. Jan. 3, 2013). Although Plaintiff alleges that Defendants told her they were reviewing her mortgage, Plaintiff has pointed to no <u>written</u> evidence that Defendants were modifying the Note or Deed of Trust or were otherwise ceasing the acceleration and foreclosure process. Because there is no written evidence, Plaintiff has not provided facts that support a waiver claim. *See Milton v. U.S. Bank Nat'l Assoc.*, No. 12-40742, 2013 WL 264561, at *2 (5th Cir. Jan. 18, 2013).

In abundance of caution, however, the undersigned will also briefly analyze whether any <u>conduct</u> on the part of Defendants constitutes a waiver of their rights under the Note or Deed of Trust. Under Texas law, "[w]aiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that

11

right." *Sun Exploration. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). The elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) an actual intent to relinquish the right (which can be inferred from conduct). *See G.H. Bass & Co. v. Dalsan Properties-Abilene*, 885 S.W.2d 572, 577 (Tex. App. – Dallas 1994, no pet.) (citing *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 765 (Tex. App. – Texarkana 1992, writ denied); *FDIC v. Attayi*, 745 S.W.2d 939, 946 (Tex. App. – Houston [1st Dist.] 1988, no writ)). Plaintiff has produced no summary judgment evidence that Defendants manifested an "actual intent to relinquish [their] rights" under the contract, which is an essential element of waiver under Texas law. Therefore, Plaintiff's waiver claim fails.

Because there is no genuine issue of material fact as to whether Plaintiff performed as required under the Deed of Trust – she did not – or that Defendants breached the agreement – they did not – and there is no evidence of modification or waiver by Defendants, there can be no breach of contract claim. Therefore, summary judgment should be granted for Defendants on that claim.

<u>Anticipatory Breach of Contract</u>

Plaintiff's allegations regarding anticipatory breach of contract are difficult to determine from Plaintiff's petition. Plaintiff includes an anticipatory breach of contract heading with her breach of contract claim but makes no specific allegations regarding an anticipatory breach of contract claim.

Under Texas law, the elements for an anticipatory breach of contract claim are (1) an absolute repudiation of the obligation; (2) a lack of just excuse for the

repudiation; and (3) damage to the nonrepudiating party. *See Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Pub. Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App. – Dallas 1984, writ ref'd n.r.e.)). A party may demonstrate a repudiation by either words or actions so long as the words or actions indicate the party's intent that he or she is not going to perform the contract according to its terms. *See Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App. – Houston [14th Dist.] 1984, no writ). "The declaration of intent to abandon the obligation must be in positive and unconditional terms." *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App. – Austin 1951, no writ).

In her state court petition, Plaintiff failed to state any facts to support a claim for anticipatory breach. None of Defendants' words or actions positively and unconditionally demonstrated an intent to abandon their obligations under the Deed of Trust. Plaintiff presents no evidence to the contrary and wholly fails to even make any allegations to the contrary. The undersigned cannot even determine what obligation Plaintiff alleges that Defendants allegedly repudiated.

Thus, there is no genuine issue of material fact as to the first element of anticipatory breach. Therefore, summary judgment should be granted for Defendants on Plaintiff's anticipatory breach of contract claim.

<u>Violation of Texas Property Code</u>

Plaintiff alleges, without much information, that Defendants violated Texas Property Code § 51.002. *See* Dkt. No. 1-1 at 9, 11. It is not entirely clear what provision of Section 51.002 Plaintiff is alleging Defendants violated, but, based on her claim that

"Defendants has never given Plaintiff a chance or reason to remedy any dispute," *id.*, the undersigned believes that Plaintiff alleges a violation of the notice provision. Section 51.002's notice provision requires that notice of a foreclosure sale be given 21 days before the date of sale. *See* TEX. PROP. CODE § 51.002(b). Defendants notified Plaintiff on November 15, 2011 that they were attempting to collect the debt and that they were accelerating the debt, as permitted under the Deed of Trust and Texas Property Code § 51.0025. *See* Dkt. No. 15-4 at 5. Then, on April 3, 2012, Defendants notified Plaintiff that they had scheduled a foreclosure sale for May 1, 2012, *see id.* at 9, which was well in advance of the 21-day notice requirement. Therefore, there is no genuine issue of material fact as to whether Defendants met their notice requirements under the Texas Property Code – they did. Therefore, Defendants' Motion for Summary Judgment should be granted as to Plaintiff's Texas Property Code claim.

<u>Breach of Duty of Good Faith and Fair Dealing</u>

Plaintiff alleges that Defendants "purposefully delayed and misled Plaintiff[] to a point of foreclosure." Dkt. No. 1-1 at 9. More specifically, Plaintiff claims that Defendants had a duty of good faith and fair dealing under the Note and that Defendants violated that duty because "they deliberately, or negligently, accelerated the note." *Id.*

Under Texas law, a duty of good faith and fair dealing does not exist in all contractual contexts. *See Great Am. Inc. Co. v. N. Austin Mun. Utility Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Rather, the duty of good faith and fair dealing arises where a special relationship of trust exists between the parties. *See Vogel v. Travelers*

*Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App. – San Antonio 1998, no pet.). "Ordinarily, there is no such duty in lender/lendee relationships." *Id.* (citing *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 3:11-cv-430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (internal quotations omitted), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011).

Plaintiff has not offered any evidence, or even bare allegations, that would show any "special relationship" between Plaintiff and Defendants. Plaintiff has also not pointed to any authority to establish that there is a duty of good faith and fair dealing in the mortgage context. *See Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *7 (N.D. Tex. May 30, 2012); *Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011). Further, Defendants correctly assert that neither the Texas Business and Commerce Code nor the Uniform Commercial Code impose a duty of good faith and fair dealing in this context. *See Water Dynamics, Inc. v. HSBC Bank U.S.A.*, No. 4:11-cv-614-A, 2012 WL 34253, at *5 (N.D. Tex. Jan. 6, 2012); *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, at *4 (E.D. Tex. Apr. 28, 2011), *rec. adopted*, 2011 WL 2183844 (E.D. Tex. June 6, 2011); *Vogel*, 966 S.W.2d at 753.

Therefore, as to Plaintiff's breach of duty of good faith and fair dealing claim, Defendants' Motion should be granted.

15

<u>Texas Debt Collection Act</u>

Plaintiff next asserts claims under the Texas Debt Collection Act ("TDCA"), specifically: (1) using a deceptive means to collect a debt, in violation of Texas Finance Code § 392.304(a)(19); (2) misrepresenting the character, extent or amount of a consumer debt in violation of Texas Finance Code § 392.304(a)(8); (3) using unfair or unconscionable means to collect or attempt to collect interest or a charge, fee or expense that was not expressly authorized by the agreement, in violation of Texas Finance Code § 392.303(a)(2); and (4) threatening to take an action prohibited by law, in violation of Texas Finance Code § 392.301(a)(8). *See* Dkt. No. 1-1 at 12-13. It appears that Plaintiff bases all of these violations on her allegations that Defendants misrepresented "any amounts allegedly being owed by Plaintiff on all alleged mortgage loan, wrongfully accelerated and posted the property in question, and imposed wrongful charges on Plaintiff's alleged mortgage account." Dkt. No. 1-1 at 13.

Plaintiff first alleges Defendants used false representations or deceptive means to collect a debt, *see* TEX. FIN. CODE § 392.304(a)(19), but she presented no summary judgment evidence that Defendants did either of these things. The only evidence presented is that Defendants initiated an acceleration process and a non-judicial foreclosure. *See* Dkt. Nos. 15-3 & 15-4. The TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Even assuming that Plaintiff intended to assert that Defendants' alleged representations that the mortgage was "being reviewed" were violations of this

16

provision, *see* Dkt. No 1-1 at 8, Plaintiff has not provided any evidence that would permit a reasonable trier of fact to find that Defendants' alleged comment constitutes "deceptive means" to collect a debt, *compare Tetro v. CitiMortgage, Inc.*, No. 4:11-cv-582-Y, 2013 WL 1194480, at *7 (N.D. Tex. Mar. 25, 2013); *Islamic Ass'n of DeSoto, Tex., Inc. v. Mortgage Electronic Registration Sys., Inc.*, No. 3:12-cv-613-D, 2013 WL 169229, at *5 (N.D. Tex. Jan. 16, 2013), *with Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at *8-*9 (N.D. Tex. Feb. 21, 2012).

Plaintiff next alleges that Defendants misrepresented the character, extent or amount her debt. *See* TEX. FIN. CODE § 392.304(a)(8). For a statement to constitute a misrepresentation, Defendant must have made "a false or misleading assertion." *Narvaez*, 757 F. Supp. 2d at 632. Plaintiff presented no evidence showing that Defendants made false or misleading assertions regarding the character, extent, or amount of the debt. The only allegation in Plaintiff's petition is her statement that Defendants told her the mortgage was under review. *See* Dkt. No. 1-1 at 8. Assuming that is the basis of Plaintiff's claim, "[d]iscussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt." *Watson v. Citimortgage, Inc.*, No. 4:10-cv-707, 2012 WL 381205, at *7 (E.D. Tex. Feb. 3, 2012); *accord Thomas v. EMC Mortg. Corp.*, No. 12-10143, 2012 WL 5984943, at *4 (5th Cir. Nov. 30, 2012); *Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2347-L, 2012 WL 5363424, at *33 (N.D. Tex. Oct. 21, 2012). Plaintiff has failed to meet her summary judgment burden of establishing a genuine issue of material fact on her TDCA claim under Section 392.304(a)(8). *See Islamic Ass'n*, 2013 WL 169229,

at *5.

Plaintiff also alleges that Defendants collected unauthorized interest or charges, *see* TEX. FIN. CODE § 392.303(a)(2), yet Plaintiff has pointed to no evidence that Defendants used "unfair and unconscionable means to collect interest, charges, fees or expenses incidental to the original obligation," *id.* The Deed of Trust specifically authorizes Defendants to charge the borrower fees in connection with a default on the loan. *See* Dkt. No. 15-3 at 17; *accord McDonald v. Deutsche Bank Nat'l Trust Co.,* No. 3:11-cv-2691-B, 2012 WL 2122168, at *7 (N.D. Tex. June 11, 2012). Without evidence of charges unauthorized by the Deed of Trust, the undersigned cannot find a genuine issue of material fact regarding this claim. *See Islamic Ass'n,* 2013 WL 169229, at *5; *Tetro,* 2013 WL 1194480, at *6; *Rhodes,* 2012 WL 5363424, at *32; *Richardson v. Wells Fargo Bank, N.A.,* 873 F. Supp. 2d 800, 818 (N.D. Tex. 2012).

Finally, Plaintiff alleges that Defendants threatened action prohibited by law. *See* TEX. FIN. CODE § 392.301(a)(8). Plaintiff did not provide factual allegations supporting this claim. And, again, the only evidence presented shows that Defendants initiated an acceleration process and a non-judicial foreclosure. *See* Dkt. Nos. 15-3 & 15-4. Plaintiff has failed to point to evidence that would show that these are actions prohibited by law. *See Thomas,* 2012 WL 5984943, at *4; *Tetro,* 2013 WL 1194480, at *6; *O'Dea v. Wells Fargo Home Mortg.,* Civ. A. No. H-10-4755, 2013 WL 441461, at *9 (S.D. Tex. Feb. 5, 2013). Thus, Plaintiff has failed to meet her summary judgment burden of establishing a genuine issue of material fact on her TDCA claim under Section 392.301(a)(8).

18

For the forgoing reasons, Defendants' motion for summary judgment should be granted on the claim of violations of the Texas Debt Collection Practices Act.

<u>Fair Debt Collection Practices Act</u>

In their Motion, Defendants state that "Plaintiff purports to assert a cause of action under the [FDCPA]." Dkt. No. 15-1 at 23. The undersigned is not convinced that Plaintiff did in fact assert a FDCPA cause of action.

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations and quotation marks omitted). When pleading a FDCPA claim, the plaintiff must meet Rule 8(a)'s liberal pleading standard. *Cargile v. Baylor Health Care Sys.*, No. 3:04-cv-1362-B, 2005 WL 2245482, at *6 (N.D. Tex. Aug. 10, 2005). To determine whether Plaintiff met the Rule 8 pleading standard, a review of Plaintiff's Petition is required.

The only allegations contained in Plaintiff's Petition that might constitute a claim under the FDCPA are found under the "FACTUAL BACKGROUND" heading, wherein Plaintiff states "Recontrust states that they are debt collector in Certified letters sent to Defendants Plaintiffs have offered to satisfy any debts. To no avail no response to any request. This is a pure violation of FAIR DEBT COLLECTION ACT." *See* Dkt. No. 1-1 at 8. But nowhere in the Petition does Plaintiff reference the <u>federal</u> Fair Debt Collection Practices Act by name, by statute number, or by other citation.

19

Under the "CAUSES OF ACTION" heading, however, Plaintiff asserts several claims, none of which mention the FDCPA or any violations under the FDCPA. And while Plaintiff does not at any point mention the FDCPA, she does explicitly bring a cause of action under the Texas Debt Collection Practices Act and devotes two full pages to alleging the cause of action, citing to specific statute provisions and providing facts to support her allegations. *See* Dkt. No. 1-1 at 12-14. Thus, the undersigned is not convinced Plaintiff intended to bring a claim under the FDCPA. In fact, Plaintiff did not specify which, if any, provisions of the FDCPA that Defendants violated.

Moreover, in her Petition, Plaintiff provided no details regarding harassment or abuse, false or misleading representations in collecting the debt, unfair or unconscionable debt collection activities, or failure to provide the required information regarding the debt. *See* 15 U.S.C. §§ 1692d (detailing prohibited harassment and abuse under the FDCPA); 1692e (detailing false and misleading representations that may not be used in connection with the collection of any debt); 1692f (detailing the unfair or unconscionable means debt collectors are prohibited from using); 1692g (detailing the information that must be provided to the debtor regarding the debt). Therefore, there was no showing of entitlement to relief as required to state a claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007). Taking into account the court's duty to liberally construe a plaintiff's complaint and keeping in mind Plaintiff's *pro se* status, however, the undersigned will examine the entire Petition to determine whether a claim was alleged under the FDCPA and, if a claim was properly alleged, evaluate whether summary judgment is proper.

Before undertaking this analysis, the undersigned notes that Defendants posit that Plaintiff claims under the FDCPA fail because Defendants (more specifically, Recontrust) are not debt collectors under the FDCPA and because "the activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." Dkt. No. 15-1 at 24. The undersigned is not persuaded by these arguments.

The FDCPA applies only to a "debt collector," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Neither a mortgage servicing company nor a lender is considered a "debt collector" as long as the debt was not in default at the time it was assigned. *See Kareem v. Am. Home Mortg. Servicing, Inc.*, No. 3:10-cv-762-B-BD, 2011 WL 1869419, at *2 (N.D. Tex. Apr. 12, 2011), *rec. adopted*, 2011 WL 1868413 (N.D. Tex. May 13, 2011), *aff'd*, 479 F. App'x 619 (5th Cir. 2012); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). Plaintiff offers no evidence that Defendants – all of whom were lenders or involved in servicing her mortgage – are "debt collectors" under the FDCPA. And Defendants have offered competent evidence to show that Defendants are either the lender or an agent of the lender retained to proceed with a non-judicial foreclosure of the Property. *See* Dkt. No. 15-3 at 1-2. However, Defendants also offered evidence that the assignment to Bank of America in September 2011 "[i]n an abundance of caution,"

Dkt. No. 15-1 at 2, postdated Plaintiff's default, which the evidence shows occurred as early as 2008, *see* Dkt. No. 15-3 at 2. There is a fact issue, therefore, as to whether Defendants are "debt collectors" for purposes of the FDCPA.

Moreover, contrary to Defendants' assertion, whether the initiation of foreclosure proceedings qualifies as collecting a debt under the FDCPA remains an open question in the Fifth Circuit. *See, e.g.*, *Preston v. Seterus, Inc.*, No. 3:12-cv-2395-L, ___ F. Supp. 2d ___, 2013 WL 1091272, at *20-*21 (N.D. Tex. Mar. 15, 2013); *Caldwell v. Flagstar Bank, FSB*, No. 3:12-cv-1855-K-BN, 2013 WL 705110, at *10-*11 (N.D. Tex. Feb. 4, 2013), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb. 26, 2013); *Brooks v. Flagstar Bank, FSB*, Civ. A. No. 11-67, 2011 WL 2710026, at *6 (E.D. La. July 12, 2011) (citing *Kaltenbach v. Richards*, 464 F.3d 524, 529 n. 5 (5th Cir. 2006)). Because the undersigned does not find Defendants' arguments against Plaintiff's potential FDCPA claims persuasive, the Court will undertake the required analysis to determine whether the claims were actually alleged and if so, whether summary judgment is proper.

Section 1692d prohibits debt collectors from conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d provides a list of per se violations, none of which Plaintiff alleges in her Petition. Courts have held that the types of actions prohibited under section 1692d are those that "intend[] to embarrass, upset or frighten a debtor" and are likely to cause "suffering and anguish." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Plaintiff has alleged no such facts. In fact,

Plaintiff's petition includes allegations regarding a lack of communication with Defendants. *See* Dkt. No. 1-1 at 3 & 4. Thus, the undersigned finds no cause of action was alleged with respect to Section 1692d.

Section 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section then provides several activities that violate the FDCPA. After reviewing the laundry list of claims, the only subsection under which Plaintiffs could possibly have alleged a violation is "[t]he false representation of – (A) the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). Construing the Petition in its entirety and in the light most favorable to Plaintiff, the undersigned concludes that Plaintiff <u>may</u> have alleged a cause of action under that subsection with her allegations that Defendants told her the "alleged mortgage" was "being reviewed." Dkt. No. 1-1 at 8. Even assuming *arguendo* that Plaintiff alleged such a claim, however, there is no competent summary judgment evidence to support a violation of section 1692e(2). Aside from the allegation in her Petition, which is not competent summary judgment evidence, there is no evidence in the record that Defendants actually told Plaintiff that information. Moreover, Plaintiff has presented no evidence that her mortgage was not, in fact, under review at the time of Defendants' alleged statement or that Defendants were not permitted to move forward with collection efforts. And, finally, Plaintiff presented no evidence that being told her loan was "under review" constitutes a misrepresentation as to the character, amount, or legal status of the debt. As such, even if Plaintiff did allege a section 1692e FDCPA claim, summary judgment

should be granted in Defendants' favor on any such claim.

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debts." 15 U.S.C. §1692f. The statute does not define "unfair or unconscionable," but it does provide a non-exhaustive list of conduct that violates the section. *See id.* A complaint will be deemed deficient under this provision if it "does not identify any misconduct beyond which [p]laintiffs assert violate other provisions of the FDCPA." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (citation omitted); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011); *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010). Plaintiff failed to allege in her Petition <u>any</u> conduct that violated section 1692f. Indeed, no reference to this section is made, and no specific conduct is alleged to support any claim under this section. The undersigned therefore concludes that no claim was stated under this section.

Finally, section 1692g requires a debt collector to provide, in its initial communication with a consumer or within five days of that time, a debt validation notice informing the consumer of his or her right to dispute the validity of the debt. *See* 15 U.S.C. § 1692g(a). If, upon receipt of this notice, "the consumer notifies the debt collector in writing within the thirty-day period described in [section 1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt...." *Id.* § 1692g(b). The only allegations contained in the Petition that may support a claim

under Section 1692g are the statements wherein Plaintiff alleges she "contacted Defendants needing clarification about alleged mortgage" and "Certified and Return Receipt letters were sent to Defendants inquiring about alleged debt being owed." Dkt. No. 1-1 at 7. This suggests that, if any claim was actually stated, the claim concerns subsection (b) – that is, that Defendants failed to obtain verification of the debt or a copy of a judgment, or the name and address of the original creditor, and mail a copy of such verification or judgment, or name and address of the original creditor, to the consumer. Construing the Petition in its entirety and in the light most favorable to Plaintiff, the undersigned concludes that Plaintiff <u>may</u> have alleged a cause of action under that subsection with her allegations.

Even assuming *arguendo* that Plaintiff alleged such a claim, however, she presented no evidence that she requested validation of the debt in writing or within the specified time frame, *see* 15 U.S.C. § 1692g(b), other than the allegations that she sent letters. This is not competent summary judgment evidence. She did, however, attach copies of letters she sent to BAC Home Loans and Recontrust to her Petition. *See* Dkt. No. 1-1a at 19-24. It is not entirely clear what Plaintiff was seeking with respect to the letters, but, regardless, Defendants submitted evidence that they did in fact provide Plaintiff with written notice with the information required under Section 1692g. *See* Dkt. No. 15-4 at 5-6. Therefore, to the extent Plaintiff alleged a cause of action under section 1692e, summary judgment should be granted on the claim.

In sum, the undersigned is not convinced Plaintiff even alleged claims under the FDCPA. After analyzing the pleadings, at best, Plaintiff alleged a cause of action under

25

15 U.S.C. §§ 1692e and 1692g. Even if such claims were sufficiently pleaded, however, Plaintiff presented no evidence to support such claims, and, as such, summary judgment should be granted on the FDCPA claims.

<u>Unreasonable Collection Efforts</u>

Under Texas law, unreasonable collection is a common law intentional tort. *See Kopin v. Wells Fargo Bank, N.A.*, No. 4:11-cv-751, 2013 WL 74601, at *6 (E.D. Tex. Jan. 4, 2013) (citing *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. – Dallas 2008, no pet.)). "The elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* Therefore, the reasonableness of conduct is judged on a case-by-case basis. *See id.* To support a claim of unreasonable collection efforts, plaintiff must allege facts that amount to a course of harassment by the defendant that was "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011); *accord Smith v. JPMorgan Chase Bank, N.A.*, No. 12-40816, 2013 WL 1165218, at *2 (5th Cir. Mar. 22, 2013); *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, No. 12-10307, 2013 WL 363118, at *2 (5th Cir. Jan. 30, 2013).

Here, Plaintiff has alleged that Defendants "have used deceptive means to collect a debt, placing the property in foreclosure and imposing numerous additional charges upon Plaintiff's mortgage loan accounts, [and] Defendants [have] slandered Plaintiff's credit reputation, defamed their credit and exposed them to ridicule in the community, thereby causing ... further economic damages." Dkt. No. 1-1 at 11.

Defendants argue that there is no intentional "course of harassment" because the communications that Defendants had with Plaintiff were all attempts to assist Plaintiff and not malicious debt collection practices. *See* Dkt. No. 15-a at 20.

The undersigned agrees with Defendants. Plaintiff's claim is not supported by evidence sufficient to survive summary judgment. The summary judgment record is devoid of any evidence, apart from Plaintiff's unsupported and unsworn speculation, that any alleged conduct by Defendants was "willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Accord Milton v. U.S. Bank Nat. Ass'n*, No. 12-40742, 2013 WL 264561, at *3 (5th Cir. Jan. 18, 2013).

Moreover, Plaintiff was in default throughout the time the alleged acts occurred. "[O]ther judges in the Northern District of Texas that have considered the issue, under very similar circumstances, have dismissed such claims brought by plaintiffs in federal court, noting that Texas courts generally do not sustain claims of unreasonable collection efforts when the plaintiff still owes money to the lender." *Richardson*, 873 F. Supp. 2d at 814-15 (concluding that defendant's alleged failure to give the plaintiff a chance to reinstate or cure the default; intentionally misleading and delaying the plaintiff to the point of foreclosure; assessing late charges, penalties, and other additional charges; and improperly placing the property in foreclosure did not constitute unreasonable collection efforts).

Here, Plaintiff produced no evidence that Defendants were calling or otherwise harassing Plaintiff, and, in fact, Plaintiff's petition includes allegations regarding a lack of communication with Defendants. *See* Dkt. No. 1-1 at 3 & 4. Based on the

evidence before the Court, there is no genuine issue of material fact regarding alleged harassment or malicious conduct by Defendants in their debt collection efforts. Courts throughout Texas have similarly held under similar facts. *See, e.g., Enis v. Bank of America, N.A.*, No. 3:12-cv-295-D, 2013 WL 1721961, at *3-*4 (N.D. Tex. Apr. 22, 2013); *Berry v. Federal Nat. Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *13 (N.D. Tex. Mar. 29, 2013); *Burnette,* 2011 WL 676955, at *6*; Narvaez,* 757 F. Supp. 2d at 635*; Steele v. Green Tree Servicing, LLC*, No. 3:09-cv-603-D, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010)*; Mitchell v. Chase Home Finance, LLC*, No. 3:06-cv-2099-K, 2008 WL 623395, at *6 (N.D. Tex. Mar. 4, 2008).

Defendants' Motion for Summary Judgment should therefore be granted on Plaintiff's unreasonable collection efforts claim.

Negligent Misrepresentation/Gross Negligence

Plaintiff also alleges that "Defendants, in the course and scope of [their] business, made representations to Plaintiff regarding [its] mortgage account and a foreclosure sale" and the "information was false." Dkt. No. 1-1 at 14. Plaintiff also generally claims that "Defendants failed to use reasonable care in communicating the correct status of Plaintiff's alleged mortgage loan." *Id.*

Under Texas law, a claimant alleging negligent misrepresentation must show that (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information;

and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The alleged misrepresentation must be one of existing fact and not a promise of future conduct. *See New York life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.); *accord Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, No. 02-20818, 69 F. App'x 658, 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *Richardson*, 873 F. Supp. 2d at 815.

Defendants assert that the alleged misrepresentations, even if true, were all promises of future conduct. It is not entirely clear what the alleged misrepresentations are; Plaintiff merely states Defendants made false representations "regarding their mortgage account and foreclosure sale." Dkt. No. 1-1 at 14. Again, Plaintiff has offered no underline evidence of any such statements or representations, and, even if they were supported by evidence, they appear to be directed toward future conduct – a foreclosure sale – and therefore are not actionable as negligent misrepresentations.

Accordingly, summary judgment should be granted for Defendants on Plaintiff's negligent misrepresentation claim.

Plaintiff also alleges that Defendants' alleged misrepresentations were grossly negligent. Under Texas law, "[w]hile exemplary or punitive damages may generally be awarded for torts involving malicious or grossly negligent conduct, they are not available for breach of contract claims." *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012). Here, for the reasons already explained, Defendants should be granted summary judgment on Plaintiff's common law tort claims, and so Plaintiff's assertion

29

of gross negligence – which exists in Texas law as a prerequisite for exemplary damages where liability and damages for an underlying tort have been found – necessarily falls on summary judgment as well. *See, e.g.*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 501 n.6 (5th Cir. 2000); *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721-22 (Tex. App. – San Antonio 1994, writ denied).

Even if that were not so, in Texas, gross negligence is a heightened form of negligence that requires a plaintiff to allege and ultimately prove (1) an act or omission that, viewed objectively from the actor's standpoint, involved an extreme degree of risk and (2) the actor had actual, subjective awareness of the risk and proceeded anyway with a conscious indifference to others' rights, safety, or welfare. *See U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012); *Thrash v. Ocwen Loan Servicing, LLC (In re Thrash)*, 433 B.R. 585, 600 (N.D. Tex. 2010). Plaintiff presented no evidence that Defendants' conduct involved an extreme degree of risk or that Defendants' had an actual, subjective awareness of risk and proceeded anyway. As such, there is no evidence to raise a genuine dispute of a material fact regarding gross negligence damages. *See id.*

Accordingly, summary judgment should be granted for Defendants on Plaintiff's gross negligence claim.

<u>Declaratory and Injunctive Relief and Demand for Accounting</u>

Plaintiff seeks a declaratory judgement that Wells Fargo "waived [their] right to accelerate and foreclose," that "BAC HOME LOANS are violating the terms and spirit of the Deed of Trust and Note, that Defendants have violated Tex. Prop. Code §

51.002(d), [and] that the foreclosure should be rescinded." *See* Dkt. No. 1-1 at 15. Plaintiff also seeks injunctive relief, namely, "that any eviction should be enjoined." *Id.* Finally, Plaintiff requests "an Order for an accounting of all transactions on their mortgage loan." *Id.* at 14.

Because the undersigned has determined that Defendants did not breach the contract, effect a waiver of its rights, or otherwise act improperly, Plaintiff's requests for declaratory and injunctive relief as well as an accounting cannot survive. Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty. Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445 (N.D. Tex. July 12, 2010) (injunctive relief). Where there is no genuine dispute of material fact regarding Plaintiff's claims, there is no underlying claim for the Court to adjudicate, and summary judgment is appropriate. *See DeFranceschi*, 837 F. Supp. 2d at 626-27(citing *Val-Com Acquisitions Trust v. Citimortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011) (per curiam)). Finally, an accounting also is an equitable remedy that is not an independent cause of action. *See Henry v. CitiMortgage, Inc.*, No. 4:11-cv-83, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011).

For these reasons, Plaintiff's claims for declaratory judgment, injunctive relief and accounting fail and Defendants' summary judgment should be granted.

In sum, the undersigned recommends that summary judgment should be granted in Defendants' favor on all claims. In reaching this conclusion, the Court notes

that once Defendants presented evidence to meet their burden that summary judgment was warranted, Plaintiff was required to bring evidence to contradict Defendants' assertions that there is no genuine dispute as to any material fact. Plaintiff instead filed no response. Because Plaintiff is proceeding *pro se*, the undersigned diligently reviewed Plaintiff's petition, but the bare allegations asserted in the pleadings, without additional evidence, were insufficient for Plaintiff to demonstrate a genuine issue of material fact and defeat summary judgment. *See Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991) ("At the summary judgment stage, we require *evidence* – not absolute proof, but not mere allegations either." (emphasis in original)); *Athas v. Bowles*, 48 F.3d 529, 1995 WL 84064, at *4 (5th Cir. 1995) ("[Plaintiff] does not present any other evidence, other than his allegations in his pleadings that [Defendant's] actions were [unlawful]. A party cannot rest on the bare allegation of the pleadings."). When the non-moving party fails to properly address the movant's assertion of fact – or existence of a lack of genuine issue of material fact – the Court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See* FED. R. CIV. P. 56(e)(2); *accord Settlement Capital*, 649 F. Supp. 2d at 553 ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits." (footnotes omitted)). Here, they do.

## Recommendation

Plaintiff failed to raise a genuine issue of material fact that would preclude summary judgment as to any of her claims. Therefore, based on the foregoing, Defendants' Motion for Summary Judgment [Dkt. No. 15] should be granted as to all of Plaintiff's claims, and Plaintiff's case should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE